RECEIVED
JUL 13 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SM

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NERIJUS TAUTVYDAS,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

Case No.

23-cv-4532
Judge Valderrama
Magistrate Judge Harjani
RANDOM/CAT 3/PC 10

## PETITION FOR A WRIT OF HABEAS CORPUS

Now comes, Petitioner Nerijus Tautvydas, and moves for a petition for a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2242. Petitioner is seeking to challenge his extradition order filed by Magistrate Judge Young B. Kim, see *In Re Tautvydas*, No. 22-CR-615 (N.D. ILL. July 5, 2023). In support of this petition, Mr. Tautvydas states the following.

### I. PROCEDURAL BACKGROUND

The Republic of Lithuania seeks the extradition of Nerijus Tautvydas pursuant to the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of Lithuania, U.S.-Lith., Oct. 23, 2001, S. Treaty Doc. No. 107-4 (2002). (Mem. op. & order at 1)(July 5, 2023)

Lithuania seeks to prosecute Tautvydas for three crimes: (1) Criminal Association, in violation of Articles 249(3) and 25(4) of the criminal code of the Republic of Lithuania ("CCL"); (2) Unlawful Possession of Narcotic or Psychotropic Substances for the Purpose of Distribution Thereof or Unlawful Possession of a large quantity of Narcotic or Psychotropic Substances,

in violation of CCL Article 260(3); and (3) smuggling, in violation of CCL Article 199(4).

Lithuania formally charged Tautvydas for the abovementioned CCL violations by Prosecutor's Resolution on November 4, 2022, and a Judge in the District Court of Vilnius City, Lithuania issued an arrest warrant for Tautvydas on November 7, 2022. (Mem. op. and order at 2) On November 21, 2022, the United States filed a criminal complaint and supporting documents in furtherance of Tautvydas's extradition under 18 U.S.C. § 3184. The court in response issued a warrant for Tautvydas's arrest, the Government took him into custody the following day. The court then ordered his detention pending further action. (Id) at 2.

## II. ARGUMENT

Mr. Tautvydas respectfully seeks to challenge his extradition order on the following grounds, and basis.

① Mr. Tautvydas was ordered released on conditional bail, pending receipt of Lithuania's formal extradition request and supporting documents well over the (60 day) period. See, (Mem. op. and order. Jan 27, 2023, at 5). However, the government filed a motion to reconsider to which the court granted and Mr. Tautvydas was order detained. Consequently, Mr. Tautvydas attorney Mr. Stephen M. Komie did not object or oppose the governments motion to reconsider.

② Throughout the extradition proceedings, Mr. Komie the attorney on record was insufficient Assistance of counsel towards Mr. Tautvydas, and did absolutely nothing, nor filed motions to argue against petitioners extradition. Magistrate Judge Young B. Kim also pointed out in his memorandum, opinion, and order (Mem. op. and order, July 5, 2023) that Petitioner's attorney had failed to make arguments and challenge dual criminality, "The government has satisfied the dual criminality requirements here, and again, Tatltvydas makes no argument otherwise". (Id) at 8. "Tautvydas offers no arguments

in opposition to the extradition request in his response to the petition."(Id) at 2. And lastly magistrate Judge Kim stated "Tautvydas does <u>not</u> challenge the remaining arguments within the government's petition for certification". see, (Id) at 6.

All of this falls under Mr. Stephen Komie's lack of performance and lack of arguments on behalf of petitioner.

Here, Mr. Tautvydas offers 2 reasons why he should not be extradited and also challenges the magistrate Judges order for extradition certification.

(A) If petitioner is returned to Lithuania, he will face deplorable conditions in the country's jails and prisons. In support, petitioner provides numerous articles and decisions of courts in other nations that declined to extradite people to Lithuania because of the conditions of detention.

E.g., Edwin Brincat, <u>Court turns down Lithuania request to extradite Maltese man</u>, Times of Malta, May 18, 2017, https://timesofmalta.com/articles/view/court-turns-down-lithuanian-request-to-extradite-Maltese-man.648339; <u>Lithuanian extradition request turned down by High Court</u>, RTE, April 15, 2013, https://www.rte.ie/news/2013/0415/381541; <u>Savenkovas v. Lithuania</u>, Application No. 871/02 (European Court of Human Rights 2009) https://en.efhr.eu/2010/02/11/case-savenkovas-v-lithuania-application-no-87102-2009/ petitioner Tautvydas also cites the U.S. state Department's country reports on Human Rights practices in Lithuania. The 2018 report notes that "Some prisons and detention center conditions [in Lithuania] did not meet international standards." <u>Lithuania 2018 Human Rights Report, Bureau of Democracy, Human Rights,</u> and Labor, United States Dept. of State, at 2 (2018), https://www.state.gov/wp-content/uploads/2019/03/LITHUANIA-2018-HUMAN-RIGHTS-REPORT.pdf. The 2017 Report came to the same conclusion. <u>Lithuania 2017 Human Rights Report</u>, Bureau of Democracy, Human Rights, and Labor, United States Department of State, at 2 (2017), https://www.state.gov/wp-content/uploads/2019/01/Lithuania.pdf. The reports refer to complaints

(3)

of confined spaces, improper hygiene, poor food, and substandard sanitary condition among others. (Id).

It is also worth noting that the FARR Act, speaks to situations where a detainee is being "Returned" to "a Country." FARR Act § 2242(a), 112 Stat. 2681-822 ("it shall be the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture, regardless of whether the person is physically present in the United States"); see also Convention Against Torture and other Cruel, Inhumane or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, Art. 3, 23 I.L.M. 1027, 1028 ("No state party shall expel, return ('fouler') or extradite a person to another state where there are substantial grounds for believing that he would be in danger of being subjected to torture") see Munaf v. Geren, 128 S.ct. 2207, n.6 (2008)

Ⓑ Petitioner also challenges the magistrate Judges order (mem.op.order, July 5, 2023) on the grounds that Criminal Association is not criminalized in America under the First Amendment to the United States Constitution. Therefore, the magistrate Judge committed error on this issue alone.

Ⓒ Petitioner also want this Court to take into consideration his humanitarian conditions, for instance, he is currently receiving medical care for internal bleeding, receiving medication for a stomach condition, and is currently waiting to give blood and a stool sample to be sent to the laboratory for testing as well as waiting to receive an MRI at the local hospital.

Ⓓ Mr. Tautvydas attorney on record sought an extension of time to respond to the government's extradition petition, IN RE TAUTVYDAS, NO. 22-CR-615; R.38, (May 3, 2023). Mr. Komie had until June 2, 2023 to file its response to the government's Petition of extradition (Id) R.38; R.39. Unfortunately and consequently Mr. Komie did NOT file such response

(4)

Mr. Komie's action neglecting to file a response to the government's petition for extradition [38] causing such confusion in open court on June 29, 2023 and ultimately favored into the government's petition [38] and against petitioner. It's worth noting that Mr. Komie was also an hour late for court and unprepared, with any such documents to respond and willingness to properly and professionally represent and defend Mr. Tautvydas.

## III. CONCLUSION

For the stated reasons contained in this petition, Mr. Tautvydas respectfully requests that the court grant his Habeas Corpus Petition and grant any other available relief it deems proper and equitable.

Nerijus Tautvydas, ID# 521152
Jerome Combs Detention Center
3050 Justice Way
Kankakee, IL 60901

Respectfully submitted,

*[signature]*

Signed this 9th day of July, 2023

## CERTIFICATE OF SERVICE

I, Nerijus Tautvydas, hereby state under penalty of perjury that I have enclosed this petition document on a legal envelope and tendered to Jail officials at the Jerome Combs Detention Center for mailing on this 9th day of July, 2023.

*[signature]*

(5)



Nerijus Tautvydas, ID# 521152
Jerome Combs Detention Center
3050 Justice Way
Kankakee, IL 60901

07/13/2023-3

23-cv-4532
Judge Valderrama
Magistrate Judge Harjani
RANDOM/CAT 3/PC 10

Prisoner Correspondence
Office of the clerk, U.S. District Court
For the Northern District of Illinois
219 S. Dearborn Street
Chicago, Illinois 60604

(Legal Mail)

This Correspondence is from a detainee from:
Jerome Combs Detention Center
3050 Justice Way
Kankakee, IL 60901