UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NERIJUS TAUTVYDAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-02152-SLD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER

Before the Court is Petitioner Nerijus Tautvydas' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1. In this Court's discretion, this matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Because it plainly appears from the Petition and attached exhibits that Petitioner is not entitled to relief at this time, Petitioner's § 2241 Petition is SUMMARILY DISMISSED WITHOUT PREJUDICE.

BACKGROUND

Petitioner is facing potential extradition to Lithuania for prosecution for three crimes: (1) Criminal Association, in violation of Articles 249(3) and 25(4) of the Criminal Code of the Republic of Lithuania ("CCL"); (2) Unlawful Possession of Narcotic or Psychotropic Substances for the Purpose of Distribution Thereof or Unlawful Possession of a Large Quantity of Narcotic or Psychotropic Substances, in violation of CCL Article 260(3); and (3) Smuggling, in violation of CCL Article 199(4). *See United States v. Tautvydas*, Case No. 1:22-cr-00615 (N.D. Ill.), Order and Opinion, ECF No. 43 (hereinafter, "Extradition Order and Opinion"). Following a hearing, in a detailed order, the District Judge Young B. Kim in the Northern District of Illinois

certified the extradition to the Secretary of State pursuant to 18 U.S.C. § 3184 on July 5, 2023. *Id.*

Petitioner promptly filed this § 2241 petition in the Northern District of Illinois, on July 13, 2023. It was subsequently transferred here on July 14, 2023, because Petitioner is being detained at the Jerome Combs Detention Center in Kankakee, Illinois, which is within the territorial jurisdiction of the Central District of Illinois. Petitioner argues that he should not be extradited because: (1) "he will face deplorable conditions in the country's jails and prisons," Pet. 3–4; (2) criminal association is not criminalized in the United States under the First Amendment, so certification was in err, Pet. 4; (3) Petitioner is currently receiving medical treatment so his extradition should not happen in "consideration of his humanitarian conditions," Pet. 4; and (4) Petitioner's attorney at the extradition hearing did not file a response to the extradition petition and was otherwise ineffective during the proceedings, Pet. 3–5. This § 2241 petition is now before the Court for preliminary review.

## DISCUSSION

The procedures for foreign extradition are provided in 18 U.S.C. § 3184, which requires a limited judicial role. "After the United States government receives a formal extradition request through diplomatic channels, the request will be forwarded to a U.S. Attorney's Office, which will typically file a formal complaint and seek an arrest warrant from a judge." *Noeller v. Wojdylo*, 922 F.3d 797, 802 (7th Cir. 2019). The individual is then entitled to a hearing, after which the judge is required to certify the extradition to the Secretary of State if the judge finds: (1) a valid treaty exists; (2) the crime charged is covered by the relevant treaty; and (3) "the evidence marshaled in support of the complaint for extradition is sufficient under the applicable standard of proof." *Venckiene v. United States*, 929 F.3d 843, 849 (7th Cir. 2019) (internal

quotations omitted). The Secretary of State then decides whether to effectuate the extradition of the individual—a decision in which the Secretary of State has "sole discretion." *Id.* at 849; 18 U.S.C. § 3186. "In making this decision, the Secretary is authorized to consider factors that United States federal courts in extradition cases cannot take into account. The executive branch has sole authority to consider issues like the political motivations of a requesting country and whether humanitarian concerns justify denying a request." *Id.*

While "[j]udicial officers' extradition orders are not considered final decisions appealable as of right under 28 U.S.C. § 1291" review is still available "through a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Noeller*, 922 F.3d 803 (internal citations omitted). Habeas review is limited: "courts generally may consider only whether the magistrate had jurisdiction, whether the offence charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty, i.e., probable cause." *Venckiene*, 929 F.3d at 849–50 (internal quotations omitted.). Additionally, courts "have the authority to consider not only procedural defects in the extradition procedures that are of constitutional dimension, but also the substantive conduct of the United States in undertaking its decision to extradite if such conduct violates constitutional rights." *Noeller,* 922 F.3d at 803 (citing *In re Burt*, 737 F.2d 1477, 1484 (7th Cir. 1984)).

Here, Petitioner's arguments largely fall outside of the permissible scope of review. He does not dispute that there was sufficient evidence for the judge's probable cause finding or that the judge had jurisdiction. His does not assert any basis for why his extradition would be contrary to his procedural or substantive constitutional rights. Petitioner does, however, argue that the offense of criminal association is not criminalized in the United States. He does not

provide support for this argument, other than to say without elaboration that it is against the First Amendment. Pet. 4. In its Order and Opinion, the extradition court found that the Lithuanian crime of criminal association mirrored the United States crime of conspiracy under 18 U.S.C. § 371. Extradition Order and Opinion 8–9. Section 371 criminalizes any conspiracy by two or more persons "to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose," so long as "one or more of such persons do any act to effect the object of the conspiracy." And, the Lithuanian criminal association charge "defines criminal association as 'three or more persons linked by mutual relations and division of roles or tasks' that 'join[ ] together for the commission of a joint criminal act.'" *Id*. This court agrees that the two statutes mirror each other. Moreover, Petitioner has not challenged the other two charges for which he is being extradited. So, even if there was a defect in the criminal association charge, the judge's certification of the extradition would still be valid.

His remaining arguments are simply beyond the Court's limited habeas review. He argues that he should not be extradited due to the humanitarian conditions in the country's jails and prisons and because of his own medical concerns. However, neither of these grounds could have been considered by the judge as a reason to not certify his extradition petition to the Secretary of State. *Noeller v. Wojdylo*, 922 F.3d 797, 802 (7th Cir. 2019) ("[D]iscretionary judgments and matters of political and humanitarian judgment are left to the executive branch" in extradition proceedings). Nor does the Court have the authority to make the Secretary of State consider these grounds, although the Secretary of State is certainly permitted to take such grounds into consideration when making the discretionary extradition decision. *See, e.g., Venckiene v. United States*, 929 F.3d 843, 863–64 (7th Cir. 2019) (finding that "[t]he judiciary

has no authority to impose requirements on [the Secretary of State's extradition] decision-making process that go beyond the scope of what is required under the Constitution.").

Finally, Petitioner's complaints about his counsel's performance during his extradition proceeding do not warrant any relief. While Petitioner may not have been happy with his counsel (and the result), he does not point to any constitutional or statutory right he had to have adequate counsel. And, more importantly, he does not point to anything counsel could have done to change the result of the extradition proceeding.

## CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is SUMMARILY DISMISSED. This case is CLOSED. The Clerk is DIRECTED to issue the judgment.

Signed on this 31st day of July 2023.

/s/ Sara Darrow
Sara Darrow
Chief United States District Judge